[Civ. No. 7484. First Appellate District, Division Two.—June 11, 1931.]

J. R. LLOYD, Appellant, v. GIROLA BROTHERS (a Corporation), Respondent.

Gillis & Edwards for Appellant.

Louis J. Trabucco for Respondent.

STURTEVANT, J.—Claiming that the defendant had collected usurious interest from him the plaintiff sued for the statutory penalty of treble damages. The trial court made findings in favor of the defendant and from a judgment entered thereon the plaintiff has appealed. Prior to September 2, 1927, a certain Willys Knight automobile had been purchased by the plaintiff under a conditional sales contract. On that date the legal title was held by the C. I. T. Corp. and the plaintiff owed that corporation $220.77. He desired to obtain more money. He called on the defendant and it agreed to give him a loan in the sum of $500. For the purpose of carrying that loan into execution the defendant arranged to obtain a transfer to itself of the contract held by the C. I. T. Corp. and having done so this defendant and the plaintiff entered into a new conditional sales contract in which this defendant was the seller and this plaintiff was the buyer. The last-named instrument was dated September 2, 1927, and called for payments in the sum of $61.08 one month after date, and monthly thereafter for a period of twelve months. Among other provisions the contract authorized the defendant to keep the automobile in repair and charge the expenses to the plaintiff. It also bound the plaintiff to make his payments promptly and to pay to the defendant any and all expenses incurred in collecting any indebtedness due under the contract. Commencing October 2, 1927, and ending July 11, 1928, the plaintiff made the payments called for in the contract in the total sum of $610.80. Thereafter the plaintiff defaulted and the defendant, pursuant to a covenant contained in the contract, took possession of the automobile and terminated the contract. For several weeks the defendant retained possession of the automobile and attempted to resell it. However, before a resale was

made to any third party the plaintiff entered into negotiations with the defendant to purchase the car. Under the repurchase agreement the plaintiff paid the flat sum of $175.

During the trial the plaintiff made the broad claim that he was entitled to have all payments made by him taken into account for the purpose of ascertaining whether he had been charged usurious interest. The defendant contended that the facts showed two distinct transactions. First, the transaction regarding the contract made September 2, 1927, and second, the transaction regarding the repurchase which occurred on October 31, 1928. The trial court made findings in accordance with the contention made by the defendant. Those findings are clearly supported by the evidence and the sole question to be determined is whether the $610.80 paid on or before July 11, 1928, included usurious interest and if so how much. It is not contended that the written documents provided for interest in name in excess of the rate authorized by the statute. However, it is earnestly contended that certain charges were made which in truth and in fact were interest under another name. The trial court found that the plaintiff paid the defendant between September 2, 1927, and July 11, 1928, $610.80. It further found "That in accordance with the terms of plaintiff's exhibit 'A' (the contract dated September 2, 1927) the following items are the necessary charges to which the defendant is entitled and money actually advanced plaintiff by defendant, to-wit:

$279.23—Cash to Lloyd
220.77—Cash paid to C. I. T. Co.
3.50—Messenger
2.00—License
48.25—Insurance
26.60—Promissory note taken up by Girola Bros.
3.44—Interest on note
27.50—Collection charges up to the time of repossession
27.68—Service charge

Total $638.97—Money or credits advanced Lloyd by Girola Bros. up to time of repossession of automobile."

The record is so clear that it can hardly be said to contain a conflict to the effect that the defendant was entitled to

make every charge contained in the finding. The only item which is subject of debate is ''$27.50—Collection charges up to the time of repossession''. As to that item the plaintiff claims that it was not entered on the books of the defendant from time to time as the expense was incurred. Nevertheless it was supported by the sworn testimony of witnesses called at the trial. Moreover the item was authorized by the terms of the contract. The plaintiff does not call our attention to any testimony that would justify this court in saying there was no evidence supporting the charge. But, conceding for the purposes of this opinion that the collection charge was invalid, and should not have been included in the summary of disbursements, we still have total legal charges in the sum of $611.47. In other words, before the defendant could legally be charged with usury it would be necessary to deduct from the total charges more than the item of $27.50.

Furthermore, it will be noted that in the foregoing account we have no charge for interest in name. If the charge of $27.50 is allowed in full for costs of collection then it is clear that the defendant was entitled to charge a further sum of interest. The plaintiff calculates that sum at $27.69 which is correct or nearly correct. If the defendant is allowed that credit its case is made that much stronger.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.